**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **CRAIG CORNELIUS TOLLIVER and JANETTE ENGLISH**, <br><br> Plaintiffs, <br><br> v. <br><br> **CITY OF MINNEAPOLIS; TOSCANO, Officer, individually, personally, and in his capacity as a Minneapolis Police Officer; JANE DOE, officer; RICHARD ROE, officer; ROBERT OLSON, Chief of Police, personally and in his official capacity,** <br><br> Defendants. | Civil No. 03-5550 (JNE/JGL) <br><br><br> **REPORT AND RECOMMENDATION** |

APPEARANCES

Albert T. Goins, Sr., Esq., for Plaintiff Janet English

No appearance for Plaintiff Craig C. Tolliver, dismissed from the case

C. Lynne Fundingsland, Esq., for Defendants

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on June 16, 2005 on Defendants' Motion for Dismissal (Doc. No. 26). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I.   INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs Craig Tolliver and Janette English sued Defendants City of Minneapolis, Minneapolis Police Officer Toscano, Minneapolis Police Chief Robert Olson, and officers Jane Doe and Richard Roe in October 2003. Plaintiffs allege civil rights violations stemming from an incident that occurred on the night of October 3, 2003.  No counter or cross-claims have been filed in this action.

On December 18, 2004, Plaintiff English, along with Jermaine English, served a Summons and Complaint upon Minneapolis Police Officer Billy Peterson, the partner of Defendant Officer Toscano on the night of October 3, 2003.  This parallel action is proceeding in this Court as Civil File Number 04-5038 (JNE/JGL), and alleges claims arising out of the same events of October 3 that give rise to the instant case.  However, Officer Peterson is not a party to the case at bar.  The same counsel represent the Plaintiffs in each case, but there has been no attempt to consolidate the actions.

Also in December 2004, Plaintiff Tolliver voluntarily dismissed his claims from the present case.  Tolliver is not a party to the later-filed action.

In January 2005, after repeated failures by Plaintiff English to appear at her noticed deposition, Defendants sought an Order of this Court compelling her appearance pursuant to Federal Rule of Civil Procedure 37(a). Plaintiff English filed no written response to the Motion.  Instead, Plaintiff's counsel informed the Court that they had been unable to secure an answer

from English as to whether or not she opposed the Motion to Compel her deposition. Nonetheless, English's counsel did appear at the hearing on the matter. Finding ample cause for the Motion to Compel, this Court issued an Order on January 28, 2005 requiring Plaintiff to submit to a deposition and extending the pretrial schedule accordingly.

Pursuant to the Order of January 28, Defendants served their Third Amended Notice of Deposition on counsel for Plaintiff English, noticing English's deposition for February 7, 2005. Although counsel for Plaintiff appeared for the deposition, English herself once again failed to materialize. (Fundingsland Aff. ¶¶ 25-28.) Neither English nor her counsel have offered an explanation for Plaintiff's consistent failure to cooperate in her deposition.

Rather, counsel for Plaintiff now represent that they have been unable to communicate with English for several months. For example, the phone numbers supplied by Plaintiff have been disconnected, and no forwarding telephone number is listed. (Statement of Position by Pl.'s Counsel at 1.) Certified mail sent to her address has been returned to sender, and counsels' attempt at hand delivery of the Notice of Defendants' Motion for Dismissal was unsuccessful. (Id.) The last in person contact between counsel and Plaintiff English was in December 2004 when they filed the second civil action. Counsel aver that there has been no communication whatsoever

between them and any of the Plaintiffs since approximately February 1, 2005. (Id.)

## II.     DISCUSSION

Defendants now move to dismiss with prejudice Plaintiff English's first-filed action for failure to prosecute her case.  Although counsel for Plaintiff admits the inaction of their client, they argue that any dismissal should be without prejudice.

Rule 41(b) of the Federal Rules of Civil Procedure governs involuntary dismissal and provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  Despite the broad language of the Rule, dismissal with prejudice under Rule 41(b) in the Eighth Circuit is proper only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.  Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000); Rodgers v. Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998); Mays v. I.R.S., 91 A.F.T.R. 2d (RIA) 798, 798 (D. Minn. 2003) (Civ. No. 00-1411 (MJD/ JGL)).  To be involuntarily dismissed, a litigant need not have acted in bad faith, only intentionally rather than accidentally or involuntarily.  Hunt, 203 F.3d at 527 (citations omitted).  However, even where the facts would support dismissal with prejudice, this "ultimate sanction" should only be used when lesser sanctions prove futile.  Id. (citations omitted).

When considering a motion to dismiss for failure to prosecute, a district court must consider whether less sever sanctions are futile, must balance the need to advance its burdened docket against irrevocably extinguishing the litigant's claim against the resulting prejudice to the opposing party, and must consider whether the litigant has had warning, although such warning is not necessary. <u>See</u> <u>id.</u> (citations omitted). District courts are given "a large measure of discretion" in determining whether dismissal is appropriate. <u>Id.</u> (citations omitted).

Given the averments by both counsel for Plaintiff and Defendants, the Court is satisfied that Plaintiff English has effectively abandoned her action. English has also directly violated this Court's Order compelling her deposition, and offers no explanation for her wilful disregard for the Rules of Civil Procedure and Orders of this Court. Relatedly, it is undisputed that Plaintiff was aware of her several noticed depositions and wilfully chose not to attend. Hence, less severe sanctions would appear to be futile. Because Plaintiff English has ignored ample opportunities to prosecute this action and has now terminated contact with her counsel by changing her address and telephone numbers without notification, the Court recommends that the drastic remedy of dismissal with prejudice is appropriate. Third and finally, although there is no indication that Plaintiff English actually received notice of the Motion to Dismiss, her counsel have demonstrated good faith efforts to

find her and to provide her with notice. In sum, this Court in its discretion recommends that Defendants' Motion be granted and this action dismissed pursuant to Rule 41(b).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

    (1)    Defendants' Motion for Dismissal (Doc. No. 26) should be **GRANTED**; and

    (2)    This action should be **DISMISSED WITH PREJUDICE** in its entirety.

Dated: June 20, 2005                 s/ Jonathan Lebedoff
                                       JONATHAN LEBEDOFF
                                       Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by July 8, 2005, a copy of specific, written objections. A party may respond to the objections within ten days after service thereof. All objections and responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.